UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY M. MOLL and MONA
LYNN PIGG, each individually and on
behalf of and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE FLORIDIAN
INSURANCE COMPANY,

      Defendant.

CLASS REPRESENTATION
Case No: 3:05-CV-00160-RV-MD

## DEFENDANT ALLSTATE FLORIDIAN INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS' INITIAL JURISDICTIONAL INTERROGATORIES

Defendant Allstate Floridian Insurance Company ("AFIC") responds to the initial jurisdictional interrogatories of Plaintiff, Jeffrey M. Moll and Mona Lynn Pigg (collectively the "plaintiffs") as follows:

  1. Please describe in detail AFIC's relationship to other entities within the Allstate insurance group (such as Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property and Causality Insurance Company), including in your response the extent to which AFIC shares officers or directors with such companies and the extent to which AFIC is or is not separately capitalized.

  **RESPONSE:** AFIC is a wholly-owned subsidiary of Allstate Holdings, LLC a Delaware corporation, which is a subsidiary of Allstate Insurance Company, an Illinois corporation. AFIC is separately capitalized. To the extent that this interrogatory seeks other, further or different information, AFIC objects on the grounds that this interrogatory is overbroad, vague, ambiguous and seeks information that is not relevant to the jurisdictional issue raised by plaintiffs, nor reasonably likely to lead to the discovery of admissible evidence regarding that issue.

UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY M. MOLL and MONA
LYNN PIGG, each individually and on
behalf of and all others similarly situated,

     Plaintiffs,      CLASS REPRESENTATION
                Case No: 3:05-CV-00160-RV-MD

v.

ALLSTATE FLORIDIAN
INSURANCE COMPANY,

     Defendant.

---

**DEFENDANT ALLSTATE FLORIDIAN INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS' INITIAL JURISDICTIONAL INTERROGATORIES**

Defendant Allstate Floridian Insurance Company ("AFIC") responds to the initial jurisdictional interrogatories of Plaintiff, Jeffrey M. Moll and Mona Lynn Pigg (collectively the "plaintiffs") as follows:

  1.  Please describe in detail AFIC's relationship to other entities within the Allstate insurance group (such as Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property and Causality Insurance Company), including in your response the extent to which AFIC shares officers or directors with such companies and the extent to which AFIC is or is not separately capitalized.

  **RESPONSE:** AFIC is a wholly-owned subsidiary of Allstate Holdings, LLC a Delaware corporation, which is a subsidiary of Allstate Insurance Company, an Illinois corporation. AFIC is separately capitalized. To the extent that this interrogatory seeks other, further or different information, AFIC objects on the grounds that this interrogatory is overbroad, vague, ambiguous and seeks information that is not relevant to the jurisdictional issue raised by plaintiffs, nor reasonably likely to lead to the discovery of admissible evidence regarding that issue.

2.  Please describe the organizational structure of AFIC (or provide an organizational chart for AFIC). In your description, please identify each corporate division that is located (or employs people who work) within the state of Florida and each corporate division that is located (or employs people who work) outside the State of Florida.

**RESPONSE:** AFIC is run by its 9 member Board of Directors, eight of whom reside in Illinois, and one of whom resides in Florida. It does not maintain an organizational chart. It has no "corporate divisions." To the extent that this interrogatory seeks other, further or different information, AFIC objects on the grounds that this interrogatory is vague, overbroad and seeks information that is not relevant to the jurisdictional issue raised by plaintiffs, nor reasonably likely to lead to the discovery of admissible evidence regarding that issue.

3.  Please identify every type of coverage that AFIC offers within the State of Florida.

**RESPONSE:** AFIC offers property insurance for property located within the State of Florida, including homeowners' insurance, condominium insurance, residential fire insurance, renters' insurance, boat insurance, and mobile home insurance.

4.  Please identify every type of coverage that AFIC offers outside the State of Florida.

**RESPONSE:** AFIC does not offer insurance coverage for property located outside the State of Florida.

5.  Please identify every other Allstate entity providing property coverage for properties located within the State of Florida and briefly indicated the type of coverage offered.

**RESPONSE:** The following Allstate entities provide property insurance coverage for properties located within the State of Florida: Encompass Floridian Indemnity Company, Encompass Floridian Insurance Company and Allstate Floridian Indemnity Company. To the extent that this interrogatory seeks other, further or different information, AFIC objects on the grounds that this interrogatory is vague, overbroad and seeks information that is not relevant to

the jurisdictional issue raised by plaintiffs, nor reasonably likely to lead to the discovery of admissible evidence regarding that issue.

6  Please state for FY 2003 and FY 2004 the percentage of annual gross profits or losses derived by underwriting property located within the State of Florida versus the percentage of gross profits or losses derived by underwriting property located outside the State of Florida.

**RESPONSE:** AFIC states that one hundred percent of its annual gross profits and losses from underwriting property in FY 2003 and FY 2004 related to property located within the State of Florida.

7.  Please state the number of property claims Allstate Floridian Insurance Company received during the year 2004 and the most current dollar figure paid with respect to such claims.

**RESPONSE:** AFIC opened 307,753 claims in 2004, and paid $1,138,575,896 in 2004 on claims.

8.  With respect to the claims referenced in the preceding interrogatory, please state the number or percentage or dollar amount of such claims relating to properties located within the State of Florida versus the number or percentage or dollar amount of such claims relating to properties located outside the State of Florida.

**RESPONSE:** All claims referred to in response to interrogatory No. 7 related to claims originating within the State of Florida.

9.  Please state: (i) the number of persons directly employed by AFIC during 2004 and (ii) how many, if any, of those employees reside outside the State of Florida.  (Note if your answer takes account of Allstate employees who came to Florida from other states in response to the hurricanes, please segregate those persons so that your response provides the Court a fair reflection of the general AFIC workforce located within Florida versus the general AFIC workforce located outside of Florida).

**RESPONSE:** AFIC states that it does not directly employ any persons.

10.  Please state the number of officers AFIC currently employs and state the number who reside in Florida.

**RESPONSE:** AFIC has fifteen officers, although none of these officers are employees of AFIC.  One of its officers resides in Florida.

11. Please state whether insurance products supplied by AFIC are underwritten or reinsured by any other entity within the Allstate insurance group (and, if so, please identify the products and the applicable underwriter/reinsurer).

**RESPONSE:** AFIC's insurance products are not reinsured by any other Allstate entity.

12. Please state whether any AFIC officers or employees residing and working within the State of Florida have the power to hire or fire.

**RESPONSE:** No AFIC officers or employees within the State of Florida have the power to hire or fire AFIC employees because AFIC has no employees.

13. Please identify the location (by city and state) of each meeting of AFIC's board of directors for the years 2003 and 2004.

**RESPONSE:** AFIC states that its bard meetings were held on the following dates in the following places during 2003 and 2004:

| Date | Location |
| --- | --- |
| 2/18/03 | Northbrook, Illinois |
| 6/30/03 | Northbrook, Illinois |
| 11/11/03 | Northbrook, Illinois |
| 1/27/03 | Orlando, Florida |
| 2/17/04 | Northbrook, Illinois |
| 8/18/04 | Northbrook, Illinois |
| 8/31/04 | Northbrook, Illinois |
| 9/8/04 | Northbrook, Illinois |
| 9/21/04 | Northbrook, Illinois |
| 9/28/04 | Palm Beach, Florida |
| 10/25/04 | Northbrook, Illinois |
| 11/15/04 | Northbrook, Illinois |
| 12/16/04 | Northbrook, Illinois |

14. Please state where AFIC maintains its corporate records (identifying what records are maintained where (by city and state) if records are maintained in more than one location).

**RESPONSE:** AFIC maintains its corporate records, including notices of board meetings, minutes of board minutes and consents, in Northbrook, Illinois.

15. Please identify (i) where AFIC's advertising and public relations offices/divisions are located and please identify (ii) every state in which AFIC advertises.

**RESPONSE:** AFIC has no advertising and public relations offices/divisions. To the extent that AFIC advertises, it does so only in Florida. Such advertising is bought and placed from Northbrook, Illinois.

16. Please identify each state in which AFIC maintains bank accounts (or, alternatively, concede that AFIC maintains bank accounts within the State of Florida).

**RESPONSE:** North Carolina, New York, and California.

17. Please state whether AFIC maintains accounting, payroll, legal, and/or risk management services in the State of Florida.

**RESPONSE:** AFIC maintains no accounting or payroll services in Florida. It utilizes Allstate Insurance Company employees in Florida for certain legal services when needed.

18. Please state whether AFIC conducts employee training within the State of Florida.

**RESPONSE:** AFIC does not conduct employee training within the State of Florida.

19. Please state the number of political lobbyists that AFIC paid during the year 2004 (i) to lobby with respect to Florida laws, and (ii) to lobby with respect to the laws of other states.

**RESPONSE:** AFIC did not pay any political lobbyists in 2004.

20. Please identify each underwriter that AFIC reinsurers [sic] (i) within the State of Florida and (ii) outside the State of Florida.

**RESPONSE:** AFIC reinsures Encompass Floridian Indemnity Company, Encompass Floridian Insurance Company and Allstate Floridian Indemnity Company for property located within the State of Florida. AFIC does not reinsure any property located outside the State of Florida.

21.     Please identify by court and case number each instance in which a court has held that AFIC maintains its principal place of business within Florida.

**RESPONSE:** AFIC objects to this interrogatory on the ground that it is unduly burdensome to require AFIC to search without date restriction for such information. Notwithstanding that objection, and without waiving it, AFIC is not aware of any instance in which a court has held that AFIC maintains its principal place of business within Florida.

Dated: July 1, 2005              ALLSTATE FLORIDIAN INSURANCE COMPANY

                        By:   /s/
                              Harold R. Mardenborough, Jr.
                              Christopher Barkas
                              McFarlan & Cassidy, P.A.
                              305 South Gadsden Street
                              Tallahassee, Florida 32301
                              (850) 222-2107

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by United States Mail on this 1st day of July, 2005 to Frederic G. Levin, J. Michael Papantonio, and Matthew D. Schultz, 316 South Baylen Street, Suite 600, Pensacola, Florida 32501; and Harvey J. Harkness, 270 N. Palafox Street, Pensacola, Florida 32502

                                            /s/
                              Harold R. Mardenborough, Jr.

1188488\V-1

## Verification

Myron Edward Stouffer, Jr., under penalty of perjury, states as follows:

1. I am over the age of 21 and currently reside in Illinois. I am a Vice-President of Allstate Floridian Insurance Company ("AFIC") and am authorized to make this verification on its behalf.

2. I have reviewed the Defendant Allstate Floridian Insurance Company's Responses to Plaintiffs' Initial Jurisdictional Interrogatories and the answers set forth therein are true and correct, to the best of my knowledge, based information available to AFIC.

I verify under penalty of perjury that the foregoing is true and correct. Executed on June 30, 2005 in Northbrook, Illinois.

_____
Myron Ellsworth Stouffer, Jr.